1   **Marshall Meyers (020584)**
2   **KROHN & MOSS, LTD.**
3   **111 West Monroe, Suite 711**
4   **Phoenix, AZ 85003**
5   **(602) 275-5588**
6   **(866) 385-5215 (facsimile)**
7   **Attorney for Plaintiff**

8              **UNITED STATES DISTRICT COURT**
9              **FOR THE DISTRICT OF ARIZONA**
10

**CHARLES DE SHAZER,**            )   Case No. CIV 03-869-PHX-FJM
                                  )
Plaintiff,                        )   **PLAINTIFF'S   PROPOSED   JURY**
                                  )   **INSTRUCTIONS**
       vs.                        )
                                  )
**NATIONAL RV HOLDINGS, INC.,**   )
**and FREIGHTLINER CUSTOM**       )
**CHASSIS CORPORATION**           )
                                  )
Defendants.                       )

11

12      **RESPECTFULLY SUBMITTED** on this 27th day of January, 2006.

13

14                              By:  s/Marshall Meyers
15                                   Marshall Meyers
16                                   Ian Pryor
17                                   KROHN & MOSS, LTD.
18                                   111 West Monroe, 711
19                                   Phoenix, AZ 85003
20                                   Attorney for Plaintiff
21
22   Filed electronically on this 27th  day of January, 2006, with:
23
24   United States District Court CM/ECF system
25
26   Copy mailed on this 27th day of January, 2006, to:
27
28   Hon. Frederick J. Martone

1  United States District Court, District of Arizona
2  401 West Washington
3  Phoenix, AZ 85003
4
5  Notification sent electronically via the Court's ECF system and mailed on this 27th day of
6  January, 2006 to:
7
8  Mr. William M. Shattuck
9  Quarles & Brady Streich Lang LLP
10  Renaissance One
11  Two North Central Avenue
12  Phoenix, AZ 85004
13
14  Mr. John C. Hendricks
15  Meagher & Geer PLLP
16  8800 N. Gainey Center Dr. Suite 261
17  Scottsdale, AZ 85250
18
19  s/Cathy Bopp
20  Cathy Bopp

Plaintiff's Proposed Jury Instruction No. 1

Defendants, National RV and Freightliner are corporations and can act only through their officers, employees, business partners and agents. Any act or omission of an officer, business partner, employee or agent within the scope of employment/contract is the action or omission of the corporation. For purposes of this litigation, Defendants' authorized repair facility(ies) involved in repairs to Plaintiff's Motor Home, and the employees of these dealerships, are Defendants' authorized repair agents. This means that Defendants have authorized those entities to perform warranty repairs for the subject Motor Home on Defendants' behalf.  As such, Defendants may not blame their authorized dealers and/or authorized repair agents for any failure to adequately repair the subject Motor Home under warranty.

*Authority*: R.A.J.I. standard 12 (as modified); 15 U.S.C. 2307 ("Nothing in this chapter shall be construed to prevent any warrantor from designating representatives to perform duties under the written or implied warranty: Provided, That such warrantor shall make reasonable arrangements for compensation of such designated representatives, but no such designation shall relieve the warrantor of his direct responsibilities to the consumer or make the representative a cowarrantor").

_____ Accepted

_____ Rejected

_____ Modified

<u>Plaintiff's Proposed Jury Instruction No. 2</u>

The Magnuson-Moss Warranty - Federal Trade Commission Improvement Act ("Act")

applies to all warranted consumer products manufactured after July 4, 1975 that cost

more than $15.00. The purpose of the Act is to improve the adequacy of information

available to consumers, prevent deception and improve competition in the marketing of

consumer products. A warrantor is defined as "any supplier or other person who gives or

offers to give a written warranty or who is or may be obligated under an implied

warranty." The Act also provides consumers remedies for a warrantor's failure of any

obligation under a written warranty and/or the Act.

*Authority:* 15 U.S.C. Section 2301 (5) (6); Section 2302 and Section 2310(d)(1); Section
2301(5).

_____  Accepted

_____  Rejected

_____  Modified

1 | Plaintiff's Proposed Jury Instruction No. 3

2   A warranty is an affirmation of the quality or condition of the thing sold, other

3 | than as matter of opinion or belief, made by the seller at the time of sale, for the purpose

4 | of assuring the buyer of the truth of the facts affirmed, and inducing the purchase, if so

5 | received and relied on by the purchaser. National RV's warranty promises that the Motor

6 | Home will be free from manufacturing defects in materials and workmanship.

7 | Freightliner's warranty also warrants that the chassis will be free from defects in

8 | materials and workmanship.

9

10 | *Authority*: *Shippen v Bowen*, 122 U.S. 575; 7 S. Ct. 1283; (1887);15 U.S.C. 2301 (6);
11 | 1974 U.S.C.C.A.N. at 7706; U.C.C. 2-313; *Roberts v Morgensen Motors*, 135 Ariz. 162;
12 | 659 P.2d 1307 (Ariz. App. Div 1 1982); *Kalil Bottling Co v Burroughs Corp.*, 127 Ariz.
13 | 278; 619 P.2d 1055 (Ariz. App. Div. 2 (1980); *Schmidt v Mel Clayton Ford*, 601 P.2d
14 | 1349 (Ariz.App. 1979); *Nalbandian v. Byron Jackson Pumps, Inc.*, 399 P.2d 681, 683
15 | (1965). Defendants warranties.
16

17 | _____ Accepted

18 | _____ Rejected

19 | _____ Modified

Plaintiff's Proposed Jury Instruction No. 4

The purchasers of a "new" Motor Home are entitled to expect a Motor Home that operates defect-free for the duration of its warranty and does not show age or wear beyond what the public would ordinarily expect for a "new" Motor Home.

*Authority*: *Shippen v Bowen*, 122 U.S. 575 (1887); *Roberts v. Morgensen Motors*, 659 P.2d 1307,1311 (Ariz. App. 1982); *Schmidt v Mel Clayton Ford*, 601 P.2d 1349 (Ariz.App. 1979); *Conte v Dwan Lincoln-Mercury, Inc.*, 374 A.2d 144, 149 (1976) *Applemann v. Farbert Motors, Inc.*, 30 Ill. App.2d 424, 174 N.E.2d 892 (3rd Dist. 1961).

\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

Plaintiff's Proposed Jury Instruction No. 5

In connection with Plaintiff's purchase of the Motor Home, Defendants voluntarily provided to Plaintiff their written warranties. The term "written warranty" means:

> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or

> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking.

> which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

Defendants did not provide to Plaintiff a "service contract" which means "a contract in writing to perform, over a fixed period of time or for a specified duration, services relating to the maintenance or repair (or both) of a consumer product."

*Authority:* 15 U.S.C. §§ 2301 (6), (7), (8) &( 9); 15 U.S.C. § 2308.

\_\_\_\_\_ Accepted

\_\_\_\_\_ Rejected

\_\_\_\_\_ Modified

Plaintiff's Proposed Jury Instruction No. 6

Written affirmations or statements of fact relating to quality, condition, warranty coverage and/or and value in brochures, advertisements as well as other representations involving a consumer product made prior to the sale of the product to a consumer can create a warranty. It is not necessary for a warrantor to use the formal term "warranty" in a statement to create a written warranty. However, mere statements of a warrantor's opinions such as "the best," etc., will not rise to the level of creating a warranty.

Nonetheless, alleged warranty disclaimers and/or warrantor attempts to limit a warrantor's liability that you find to be inconsistent with the warrantor's pre-sale advertising, brochures and/or other written pre-sale representations are inoperative and can be ignored. Further, if you find that a written warranty's offered terms and conditions, if allowed, would so limit the scope and application of the warranty so as to surprise a reasonable consumer, such terms and conditions are also inoperative and can be ignored.

*Authority.* 15 U.S.C. Section 2301 (6); Section 2310 (c) (2) (b) & (d) (1); U.C.C. Section 2-313; A.R.S. § 47-2302, *Maxwell v. Fidelity Financial Services, Inc.*, 907 P.2d 51 (Ariz. 1995), ("unconscionability can be established with a showing of substantive unconscionability alone, especially in cases involving either price-cost disparity or limitation of remedies; ") *Vogel v Home Warranty Serv. Corp*, 695 F.2d 877, 881 (5th Cir. 1983); Restatement (Second) of Contracts §90 (1) (1981)U.C.C. 2-316 (1); *King v. O'Rielly Motor Co.*, 494 P.2d 718 (Ariz App. 1972).

\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

8

Plaintiff's Instruction No. 7

Defendants' warranties are to be interpreted under ordinary principles of warranty construction. In deciding what a warranty provision means, you should review the plain language of the warranty and then attempt to determine what the parties intended at the time the warranty was issued. You may consider the surrounding facts and circumstances as you find them to have been at the time the warranty was issued. It is for you to determine what those surrounding facts and circumstances were.

To determine what the parties intended the terms of a warranty to mean, you may consider the language of the written agreement; the acts and statements of the parties themselves before any dispute arose; the parties' negotiations; any prior dealings between the parties; any reasonable expectations the parties may have had as the result of the promises or conduct of the other party; and any other evidence that sheds light on the parties' intent.

*Authority*: RAJI (CIVIL) 4th CONTRACT 26 Determining Intent of the Parties.

\_\_\_\_ Accepted

\_\_\_\_ Rejected

\_\_\_\_ Modified

Plaintiff's Proposed Jury Instruction No. 8

You may find that, even after you have determined and considered the surrounding facts and circumstances, what the parties intended a particular written provision to mean is still not clear to you. If, and only if, you have determined and considered the facts and circumstances surrounding the formation of the warranty and still cannot determine which is possible, reasonable meanings was intended by the parties, you should apply the following rules of law:

In choosing between the possible meanings of language in a written agreement, the meaning that operates against the interests of the party who supplied the words is generally the preferred meaning.

All unclear terms are interpreted against the drafter of the warranty.

Where general words in the warranty are followed by specific terms involving the same subject matter, the general term is presumed to be limited to the specific term unless a clear manifestation of contrary intent is apparent.

*Authority*: RAJI (CIVIL) 4th CONTRACT 27 Construction Against the Party Choosing the Words; *Wilbur v Toyota Motor Sales, U.S.A., Inc.*, 86 F.3d 23 (2nd Cir. 1996) (warranty ambiguities construed against the drafter); *United California Bank v. Prudential Ins. Co.*, 140 Ariz. 238 (App. 1983).

\_\_\_\_  Accepted

\_\_\_\_  Rejected

\_\_\_\_  Modified

Plaintiff's Proposed Jury Instruction No. 9

Implied terms are as much a part of a warranty as express terms. One such implied term is the duty of good faith and fair dealing. This duty is implied by law and need not be in writing. This duty requires that neither party do anything that prevents the other party from receiving the benefits of their agreement. Here, if you find that Plaintiff did not receive the benefit of Defendants' repair of replacement warranty remedy because repairs undertaken did not meet Plaintiff's reasonable expectation of timeliness and/or success, then Defendants breached their implied duty of good faith and fair dealing and/or its written warranty to Plaintiff.

*Authority*: RAJI (CIVIL) 4th CONTRACT 16 Good Faith and Fair Dealing; *Wells Fargo Bank v Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 490 ¶ 59, 38 P.3d 12, 28 (2002); *Norfolk and Western Ry. Co v. American Train*, 499 U.S. 117, 111 S.Ct. 1156 (1991) ("A contract depends on a regime of common and statutory law for its effectiveness and enforcement. Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms. This principle embraces alike those laws which affect its construction and those which affect its enforcement or discharge"); *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986); Braucher, Contract Versus Contractarianism: The Regulatory Role of Contract Law, 47 Wash. & Lee L.Rev. 697, 699 (1990) ("Mediating between private ordering and social concerns, contract is a socioeconomic institution that requires an array of normative choices . . . The questions addressed by contract law concern what social norms to use in the enforcement of contracts, not whether social norms will be used at all"); *S Development Co v. Pima Capital Management Co.* 201 Ariz. 10, 31 P.3d 123 (App. 2001); *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 46 P.3d 431 (App. 2002) (The obligation of good faith "preserve[s] the spirit of the bargain rather than the letter" and guarantees the protection of the parties' reasonable expectations, such being "the basic purpose of contract law.") quoting 3A CORBIN ON CONTRACTS § 654A at 105 (Lawrence A. Cunningham & Arthur J. Jacobson eds., Supp.1999).

_____ Accepted

1    _____   Rejected

2    _____   Modified

3

4

5

Plaintiff's Proposed Jury Instruction No. 10

Defendants can breach the implied duty of good faith and fair dealing in its warranty by acting in ways not expressly excluded by the warranty's terms but which are nonetheless contrary to Plaintiff's reasonably expected benefit of the bargain, namely that repairs be completed successfully in a timely manner so that Plaintiff may use the Motor Home. Therefore, if you find that the repairs made by Defendants were untimely or were unsuccessful after a reasonable opportunity, then Defendants breached their warranty. Further, Defendants can breach the implied duty of good faith and fair dealing in its warranty without actually breaching an express term in the warranty.

*Authority*: *S Development Co. v. Pima Capital Management Co.* 201 Ariz. 10, 31 P.3d 123 (App. 2001); *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 46 P.3d 431 (App. 2002) (The obligation of good faith "preserve[s] the spirit of the bargain rather than the letter" and guarantees the protection of the parties' reasonable expectations, such being "the basic purpose of contract law.") quoting 3A CORBIN ON CONTRACTS § 654A at 105 (Lawrence A. Cunningham & Arthur J. Jacobson eds., Supp.1999). *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 490 ¶ 59, 38 P.3d 12, 28 (2002); *Norfolk and Western Ry. Co. v. American Train*, 499 U.S. 117, 111 S.Ct. 1156 (1991); *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986); Braucher, Contract Versus Contractarianism: The Regulatory Role of Contract Law, 47 Wash. & Lee L.Rev. 697, 699 (1990); *Golder v. Crain*, 7 App. 207, 437 P.2d 959 (App. 1968) (a promisor has an option in the manner of performance but must impose a reasonably certain obligation so as to not render a contract illusory).

\_\_\_\_\_ Accepted

\_\_\_\_\_ Rejected

\_\_\_\_\_ Modified

Plaintiff's Proposed Jury Instruction No. 11

Inherent in every warranty is a remedy for a breach. If Plaintiff can prove Defendants breached their express warranty and that Plaintiff was harmed by such a breach, Plaintiff would necessarily be entitled to damages. Further, because an implied promise is as much a part of a warranty as written one, a breach of an implied promise in a warranty is subject to the same penalties as a breach of an express promise in a warranty. If you find that Defendants breached their express or implied promise, you should award Plaintiff damages. That Defendants' warranty purports to limit its remedy to repair is not controlling as the Magnuson-Moss Warranty Act allows a consumer to seek damages.

*Authority*: 15 U.S.C. §21310(d)(1); *Rosell v. Silver Crest Enterprises*, 436 P.2d 915 (App. 1968); Cippollone, 505 U.S. at 525 ("a common-law remedy for a contractual commitment voluntarily undertaken should not be regarded as a 'requirement ... imposed under State law' [rather] common understanding dictates that a contractual requirement, although only enforceable under state law, is not 'imposed' by the State, but rather is 'imposed' by the contracting party upon itself"); *S Development Co. v. Pima Capital Management Co.*, 201 Ariz. 10, 31 P.3d 123 (App. 2001); *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 46 P.3d 431 (App. 2002) (The obligation of good faith "preserve[s] the spirit of the bargain rather than the letter" and guarantees the protection of the parties' reasonable expectations, such being "the basic purpose of contract law.") quoting 3A CORBIN ON CONTRACTS § 654A at 105 (Lawrence A. Cunningham & Arthur J. Jacobson eds., Supp.1999); *Graham v. Asbury*, 540 P.2d 656 (Ariz. 1975) (When one person agrees to perform in a certain manner upon adequate consideration and fails to keep the agreement, he is liable to performing party for any damages sustained as result of his failure to perform); *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 490 ¶ 59, 38 P.3d 12, 28 (2002); *Norfolk and Western Ry. Co. v. American Train*, 499 U.S. 117, 111 S.Ct. 1156 (1991); *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986); Braucher, Contract Versus Contractarianism: The Regulatory Role of Contract Law, 47 Wash. & Lee L.Rev. 697, 699 (1990).

_____ Accepted

_____ Rejected

_____ Modified

Plaintiff's Instruction No. 12

In order for Plaintiff to establish a breach of written warranty under the Act, Plaintiff must present evidence that:

1) A written warranty was issued in connection with the sale of the consumer product (this element is admitted).

2) The consumer product exhibited symptoms of defect or malfunction, or failed to conform to pre-sale representations and/or samples.

3) Plaintiff presented the consumer product to either Defendants and/or Defendants' authorized repair facilities with a request that the consumer product be repaired;

4) That Defendants and/or their authorized dealer(s) either: (a) refused to perform a repair under warranty, (b) were unable to successfully repair the consumer product within a reasonable number of repair attempts and/or (c) were unable to repair the consumer product within a reasonable amount of time; and,

5) Damages meaning that Plaintiff was harmed in any way.

*Authorities*: 15 U.S.C. §§ 2301 (6) section 2310 (d) (1) & (e); 2304 (a); Joint Pre-trial Order Section IV; *Milicevic v. Fletcher Jones Imports*, 402 F.3d. 912 (9th Cir. 2005); *Muller v. Winnebago Indus.*, 318 F. Supp. 2d 844 (D. Ariz. 2004); Pearson v. DaimlerChrysler Corp., 349 Ill.App.3d 688, 813 N.E.2d 230, (Ill.App. 2004); U.C.C. Section 2-313; *Traynor v. Winnebago Inc.*, 2004 WL 1146077 (D.Ariz.2004); *Haugland v. Winnebago*, 2004 U.S. Dist. LEXIS 13254 (D.Ariz.2004); *Bray v. Monaco*, 371 F.Supp.2d 1135, (D.Ariz. 2005); *Nalbandian v. Byron Jackson Pumps, Inc.*, 399 P.2d 681, 683 (1965) ("[f]ailure of a product to be reasonably fit for purpose for which it was to be used within guaranteed time is all that plaintiff need prove to establish a prim facie case"); *Isenberg v Lemon*, 84 Ariz. 340; 327 P.2d 1016 (Ariz. 1958); *Roberts v Morgensen Motors*, 135 Ariz. 162; 659 P.2d 1307 (Ariz. App. Div 1 1982); *Kalil Bottling*

*Co. v Burroughs Corp.*, 127 Ariz. 278; 619 P.2d 1055 (Ariz. App. Div. 2 (1980); *Ford Motor Credit v Harper*, 671 F.2d 1117 (8th Cir. 1981); *Jones v Fleetwood Motor Homes*, 127 F.Supp.2d 958 (N.D. Ill. 2000); *Marchionna v. Ford Motor Company*, 1995 WL 476591 at*11 (N.D.Ill. 1995); *Larry J. Soldinger Assoc., Ltd. v. Aston Martin Lagonda of North Am., Inc.*, 1999 WL 756174 (N.D. Ill. 1999); *Webco Industries, Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1131 (10th Cir. 2002); *Arabian Agriculture Services Co. v. Chief Industries, Inc.*, 309 F.3d 479, 486 (8th Cir. 2002); *Bushendorf v Freightliner Corp.*, 13 F.3rd 1024, 1027 (7th Cir. 1993); *Terrell v. R & A Mfg. Partners, Ltd.*, 835 So.2d 216, 226 (Ala. App. 2002); *Poli v. DaimlerChrysler Corp.*, 349 N.J. Super. 169, 171-172, 793 A.2d 104 (2002); *Trinity v. McKinnon Bridge*, 77 S.W.3d 159, 170 (Tenn.App. 2001); *TRGO v. Chrysler Corp.*, 34 F. Supp.2d 581, 590 (N.D. Ohio 1998; *Bishop Logging Co. v. John Deere Indus. Equipment Co.*, 317 S.C. 520, 455 S.E.2d 183, 191 (S.C. App. 1995); *AG-Chem Equipment Co. v. Limestone Farmers Co-op*, 567 So.2d 250, 252 (Ala. 1990); *Kearney & Treaker Corp. v. Master Engraving Co.*, 107 N.J. 584, 594, 527 A.2d 429 (1987) (quoting *Beal v. General Motors Co.*, 354 F. Supp. 423, 426 (D.Del. 1973)); *R.W. Murray, Co. v. Shatterproof Glass Corp.*, 758 F.2d 266, 269 (8th Cir. 1985); *Volkswagen of America, Inc. v. Novak*, 418 So.2d 801, 804 (Miss. 1982); *Stutts v Green Ford, Inc.*, 47 N.C. App. 503, 511, 267 S.E.2d 919 (1980); *Clark v. International Harvester Co.*, 99 Idaho 326, 340, 581 P.2d 784 (1978); *Murray v. Holiday Rambler, Inc.*, 83 Wis.2d 406, 265 N.W.2d 513, 520-521 (Wis. 1978); *Ehlers v Chrysler Motor Corp.*, 226 N.W.2d 157, 161 (S.D. 1975); *Orange Motors of Coral Gables v. Dade County Dairies*, 258 So.2d 319, 321 (Fla.App. 1972), *cert. denied*, 263 So.2d 831 (1972); *Ford Motor Co. v. Gunn*, 123 Ga. App. 550, 551, 181 S.E.2d 694, 696 (1971); *Rose v. Chrysler Motors Corp.*, 28 Cal. Rptr. 185, 212 Cal.App.2d 755, 762 (1963); and see Annot., *Construction and Effect of New Motor Vehicle Warranty Limiting Manufacturer's Liability to Repair or Replacement of Defective Parts*, 2 ALR4th § 5[b], at 593-599 (1980) (citing cases); Goren, *Buyer's Right to Revoke Acceptance Against The Automobile Manufacturer For Breach of Its Continuing Warranty of Repair or Replacement*, 7 Ga. L. Rev. 711, 717-718 (1973); 67A Am Jur 2d, *Sales* § 924, at 328 (1985).

*Additional Authority for Element 2* (Circumstantial evidence sufficient to show defect): *Dietz v Waller*, 141 Ariz. 107, 685 P.2d 744 (Ariz. 1984); *Souza v Fred Carries Contract, Inc.*, 191 Ariz. 247, 955 P.2d 3 (App. 1997); *Rocky Mountain Fire & Cas. Co. v Biddulph Oldsmobile*, 131 Ariz. 289, 640 P.2d 851 (Ariz. 1982); *Nalbandian v. Byron Jackson Pumps, Inc.*, 399 P.2d 681, 683 (1965) (" ..the failure of a product to be reasonably fit for the purpose for which it was to be used within the guaranteed time is all the plaintiff need prove to establish a prima facie case;") *Genetti v Caterpillar, Inc.*, 621 N.W.2d 529 (Neb. 2001); *Larry J. Soldinger Assoc., Ltd. v Aston Martin Lagonda of North Am., Inc.*, 1999 WL 756174 (N.D. Ill. 1999); *Worthey v. Specialty Foam Products, Inc.*, 591 S.W.2d 145, 149 (Mo.App. 1979); *Osburn v Bendix Home System, Inc.*, 613 P.2d 445 (Okla. 1980); *Black v. Don Schmidt Motor, Inc.*, 232 Kan. 458, 657 P.2d 517, 525 (Kan. 1983); *Jacobson v. Broadway Motors, Inc.*, 430 S.W.2d 602, 606 (Mo.App. 1968); Roger D. Billings, *Handling Automobile Warranty and Repossession Cases* § 7.53, at 202

(1984). *Universal Motors Inc. v Waldock*, 719 P.2d 254 (Alaska 1986); *Bruffey Contracting Co v. Burroughs Corp.*, 522 F.Supp. 769 (D. Md. 1981), *aff'd* 681 F.2d 812 (4th Cir. 1982); *Fargo Machine & Tool Co v Kearney & Trecker Corp.*, 428 F. Supp. 364 (E.D. Mich. 1977); *Guardian Ins. Co v Anacostia Chrysler Plymouth*, 320 A.2d 315 (D.C. 1974); *Capitol Dodge Sales, Inc v Northern Concrete Pipe, Inc.*, 346 N.W.2d 535 *Sipes v General Motors Corp.*, 946 S.W.2d 143 (Tex. App. 1997)); *Mason v Porsche Cars North America, Inc.*, 688 So.2d 361 (Fla. Dist. Ct. App. 1997).

*Additional Authority for Element 2* (expert testimony of the defect is unnecessary to show defect): *Genetti v Caterpillar, Inc.*, 621 N.W.2d 529 (Neb. 2001); *Art Hill, Inc v. Heckler*, 457 N.E.2d 242, 246 (Ind.App. 1983); *Williams v. Ford Motor Co.*, 411 S.W.2d 443, 447 (Mo.App. 1966); *Shurtleff v. Jay Tuft & Co.*, 622 P.2d 1168 (Utah 1980); *Burrus v. Itek Corp.*, 46 Ill.App.3d 350, 360 N.E.2d 1168, 1171 (Ill. App. 1977); *Worthey v. Specialty Foam Products*, Inc., 591 S.W.2d 145, 149 (Mo.App. 1979); *Lucas v. Firestone Tire and Rubber Co.*, 458 F.2d 495 (5th Cir. 1972); *Baker v Chrysler Corporation*, 1993 WL 18099 (E.D. Pa. 1993); *Ex parte General Motors Corporation and Ex parte Jim Bishop Chevrolet-GEO-Buick-Olds Aaron Tucker v General Motors Corporation and Jim Bishop Chevrolet-GEO-Buick-Olds, Inc*, Inc. Re., 769 So.2d 903 (Ala. 1999); *Fortune v Scott Ford, Inc.*, 175 A.2d 303 (N.Y. 1991); Green v Ford Motor Co., 1996 U.S. Dist. LEXIS 4102 (E.D. Pa. 1996); *General Motors Corporation v Zirkel*, 613 N.E.2d 30 (Ind. 1993); Roger D. Billings, *Handling Automobile Warranty and Repossession Cases* § 7.53, at 202 (1984) ("expert testimony of the defect is unnecessary").

*Additional Authority for Element 4:* (reasonableness/failure of essential purpose); *Traynor v. Winnebago*, 2004 WL 1146077, 2004 U.S. Dist. LEXIS 12056 (D. Ariz. 2004); *Gilbert v Monaco Coach Corporation*, 352 F.Supp.2d 1336 (N.D. Ga. 2004); *Goddard v. General Motors Corp.*, 396 N.E.2d 761, 765 (1979); *Murray v. Holiday Rambler, Inc.*, 83 Wis.2d 406, 265 N.W.2d 513, (Wis. 1978); *Pearson v. DaimlerChrysler Corporation*, 2004 Ill. App. LEXIS 331 (1st Dist. Ill. Mar. 31, 2004) ("... the limited warranty is breached and/or fails of its essential purpose if successful repairs are not made within *a* reasonable time or within a reasonable number of attempts"); *Lara v Hyundai Motor America*, 331 Ill.App.3d 53, 770 N.E.2d 721, 729 (2nd Dist. 2002) (a limited "repair or replace" warranty "fails of its essential purpose when a seller . . . is unsuccessful in correcting the defects within a reasonable time"); *Custom Automated Machinery v. Penda Corp.*, 537 F. Supp. 77, 83 (N.D.Ill. 1982) (remedy failed of its essential purpose when the seller did not correct the defects within its product "within a reasonable time"); *Samuels v. American Motors Sales Corp.*, 1989 WL 95787, at *5 (N.D.Ill. 1989) (failure to repair the defects "in a reasonable period of time and with a reasonable number of trips to the shop caused the limited remedy to fail of its essential purpose").

*Additional Authority for Element 5.* (Need only show the fact of harm not specific amount of damages): 15 U.S.C. § 2310 (d)(1); *Nelson v. Cail*, 583 P.2d 1384 (Ariz.App. 1978) (Once right to damages has been established, uncertainty as to amount of damages will not preclude recovery).

_____ Accepted

_____ Rejected

_____ Modified

Plaintiff's Proposed Jury Instruction No. 13

When the phrases "reasonable number of attempts" or "reasonable amount of time" are used, the phrases refer to the Motor Home as a whole rather than to each individual defect.

*Authority: Busendorf v Frieghtliner Corp.*, 13 F.3rd 1024, 1027 (7th Cir. 1993); *Nalbandian v Byron Jackson Pumps, Inc.*, 399 P.2d 681 (Ariz. 1965) (holding the rule of strict liability applies in breach of warranty cases); *Larry J. Soldinger Assoc., Ltd. v. Aston Martin Lagonda of North Am., Inc.*, 1999 WL 756174 (N.D. Ill. 1999); *Murray v Holiday Rambler, Inc.*, 83 Wis. 2d 406, 420 (1978); *Marchionna v. Ford Motor Company*, 1995 WL 476591 at*11 (N.D.Ill. 1995); *Gilbert v Monaco Coach Corporation*, 352 F.Supp.2d 1336 (N.D. Ga. 2004); *Rose v. Chrysler Motors Corp.*, 212 Cal.App.2d 755 (Cal.App. 1963) (doesn't mater if "two-cent" component is defective, question is what is impact of defective part on ability to use the product); H.R. REP. NO. 93-1606, at 5 (1974) ("if the product . . . contains a defect or malfunction after a reasonable number of attempts by the warrantor to remedy defects or malfunctions.").

\_\_\_\_ Accepted

\_\_\_\_ Rejected

\_\_\_\_ Modified

1 | Plaintiff's Proposed Jury Instruction No. 14

2      By attempting to repair under warranty, the warrantor admits the defective nature

3 of the condition(s) in the product. If the Warrantor fails to correct that defect(s), or fails

4 to do so within a reasonable opportunity, the warrantor breaches its written warranty

5

6 *Authority:*   *Milicevic v. Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 919 (9th Cir. 2005)

7 (holding, "[b]y attempting to repair the [parts] under warranty, [the warrantor] admitted

8 the defective nature of these conditions. Thus, when it failed to correct the defects in the

9 [parts], [the warrantor] breached the terms of its limited written warranty in violation of

10 Section 2310(d)(1).").

11

12

13 \_\_\_\_\_ Accepted

14 \_\_\_\_\_ Rejected

15 \_\_\_\_\_ Modified

Plaintiff's Instruction No. 15

A limited remedy in a warranty attempting to restrict damages if the warranty is breached to repair or replacement of defective parts is not valid if the warranty fails of its essential purpose. The essential purpose of a warranty limited to repair or replacement of defective parts is to provide a consumer with a merchantable defect-free product within a reasonable number of repair attempts and/or within a reasonable amount of time. If you find either that repairs to the Motor Home were refused during the warranty period, or that the Motor Home was not repaired within a within a reasonable number of repair attempts or reasonable amount of time, then the written warranty's repair or replace remedy has failed of its essential purpose and you must award Plaintiff damages.

*Authority:  Kalil Bottling Co. v. Burroughs Corp.*, 619 P.2d 1055 (Ariz. App. 1980);15 U.S.C. §2310(e); A.R.S. § 47-2719(b); *State ex rel. Concrete Sales & Equipment Rental Co., Inc. v. Kent Nowlin Const., Inc.*, 106 N.M. 539, 746 P.2d 645 (1987); *Ford Motor Credit v Harper*, 671 F.2d 1117 (8th Cir. 1981). This is also the law of the land. *Webco Industries, Inc. v Thermatool Corp.*, 278 F.3d 1120, 1131 (10th Cir. 2002) (explaining that under "repair or replace" warranties, successful repairs must be made "within a reasonable time"); *Arabian Agriculture Services Co. v. Chief Industries, Inc.*, 309 F.3d 479, 486 (8th Cir. 2002) (invoking UCC § 2-719(2) and observing that "warranty's limited remedy provision failed in its essential purpose" when effective repair did not occur "within a reasonable time after a defect is discovered"); *R.W. Murray, Co. v. Shatterproof Glass Corp.*, 758 F.2d 266, 269 (8th Cir. 1985) (applying "within a reasonable time" standard); *Beal v. General Motors Co.*, 354 F. Supp. 423, 426 (D.Del. 1973); *TRGO v. Chrysler Corp.*, 34 F. Supp.2d 581, 590 (N.D. Ohio 1998) ("Failure to cure defects under warranty within a reasonable time supports a finding that a remedy failed of its essential purpose"); Annot., *Construction and Effect of New Motor Vehicle Warranty Limiting Manufacturer's Liability to Repair or Replacement of Defective Parts*, 2 ALR4th § 5[b], at 593-599 (1980) (citing cases); Goren, *Buyer's Right to Revoke Acceptance Against The Automobile Manufacturer For Breach of Its Continuing Warranty of Repair or Replacement*, 7 Ga. L. Rev. 711, 717-718 (1973); 67A Am Jur 2d, *Sales* § 924, at 328 (1985) (""[R]epair or replacement of defective parts must take place within a reasonable time after the warrantor has been given an opportunity to remedy the

1    defect, or else the warranty will be held to have been broken.") (describing warranties
2    accompanying motor vehicle sales).
3
4    _____  Accepted
5    _____  Rejected
6    _____  Modified

Plaintiff's Proposed Jury Proposed Jury Instruction No. 16

A failure to cure defects under warranty within a reasonable number of repair attempts or after a reasonable opportunity to cure the defective product supports a finding that a limited remedy warranty has failed of its essential purpose. If you find that the warranty remedy (repair or replacement of defective parts) has failed of its essential purpose, you may also award Plaintiff consequential damages. Consequential damages are damages which result from the breach of warranty. The consequential damages Plaintiff seeks to recover here are aggravation, inconvenience, loss of use and any interest paid by Plaintiff on his loan.

*Authority*: 15 U.S.C. § 2310 (d); 15 U.S.C. §2311; A.R.S. §47-2214; A.R.S. §47-2215; *Fiorito Bros., Inc., v. Fruehauf Corp.* 747 F.2d 1309, 1315 (9th Cir. 1984); *Arabian Agriculture Services Co. v. Chief Industries, Inc.*, 309 F.3d 479, 486 (8th Cir. 2002); N.M.S. § 55-2-719(b); *State ex rel. Concrete Sales & Equipment Rental Co., Inc. v. Kent Nowlin Const., Inc.*, 106 N.M. 539, 746 P.2d 645 (1987); *Trinity v. McKinnon Bridge*, 77 S.W.3d 159, 170 (Tenn.App. 2001); *TRGO v. Chrysler Corp.*, 34 F. Supp.2d 581, 590 (N.D. Ohio 1998); *Bishop Logging Co. v. John Deere Indus. Equipment Co.*, 317 S.C. 520, 455 S.E.2d 183, 191 (S.C. App. 1995).

\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

Plaintiff's Instruction No. 17

Defendants have the burden to establish the validity of Affirmative Defenses alleged, such as defenses of modifications, alterations, and/or misuse of the Motor Home by Plaintiff. Defendants must then prove by a preponderance of the evidence that any of Plaintiff's damages were caused by those alleged modifications, alterations, and/or misuse of the Motor Home. Lastly, Defendants must prove that any alleged modifications, alterations, and misuses were not reasonably foreseeable to Defendants.

*Authority:* 15 U.S.C. 2304 (a) (4), Fed R. Civ. P. 8, *Affirmative Defenses in Answers to Amended Complaint; Jones v Taber,* 648, F,2d 1201 at 1203 (9th Cir. 1981) ("[b]urden is always on the party advancing an affirmative defense to establish its validity."); Fed R. Civ. P. 8, and cmt. Burden of Proof; ("[t]he Party raising an affirmative Defense has the burden of proving it."); *See e.g., Continental Airlines, Inc v. Intra Brokers, Inc.* 24 F.3[rd] 1099, 1103 (9th Cir. 1994)  (Stating, "[e]stoppel is an affirmative defense, for which the defendant bears the burden of proof."); *See also, State ex rel. Dandoy v. City of Phoenix,* 133 Ariz. 334, 651 P.2d 862 (App.Div.1 1982); *Burr v. Renewal Guaranty Corp.,* 105 Ariz. 549, 468 P.2d 576 (1970); *Strahan v. Haynes,* 33 Ariz. 128, 262 P.995 (1928); A.R.S. §47-2314*Universal Motors Inc., v Waldock*, 719 P.2d 254 (Alaska 1986); *Prutch v. Ford Motor Co.,* 618 P.2d 657, 660 (Colo. 1980).

_____ Accepted

_____ Rejected

_____ Modified

Plaintiff's Proposed Jury Instruction No. 18

Defendants have the burden of proving any affirmative defense they allege.


*Authority:* F.R.C.P. 8; 15 U.S.C. §2304(c); 15 U.S.C. §2310 (e); A.R.S. § 47-1263 (B); *State ex rel. Dandoy v. City of Phoenix*, 133 Ariz. 334, 651 P.2d 862 (App. 1982); *Burr v. Renewal Guaranty Corp.*, 105 Ariz. 549, 468 P.2d 576 (1970); *Strahan v. Haynes*, 33 Ariz. 128, 262 P.995 (1928).


\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

Plaintiff's Instruction No. 19

Plaintiff need not correctly identify the cause and source of the alleged defects.

*Authority.  Larry J. Soldinger Assoc., Ltd. v. Aston Martin Lagonda of North Am.*, Inc., 1999 WL 756174 * 6 (N.D. Ill. 1999) (*citing* to H.R. REP. NO. 93-1107 (1974)); *Nalbandian v Byron Jackson Pumps, Inc.*, 399 P.2d 681 (Ariz. 1965); *A.A.A. Exteriors Inc. v. Don Mahurin Chevrolet & Oldsmobile*, 429 N.E.2d 975,978 (Ind. App. 1981); *See also MacDougall v. Ford Motor Co.*, 214 Pa.Super. 384, 257 A.2d 676, 679 (Pa.Super. 1969) (*quoting Greco v. Buccioni Engineering Co.*, 283 F. Supp. 978 (W.D.Pa. 1967), *aff'd*, 407 F.2d 87 (3d Cir. 1969); *Bruffey Contracting Co. v. Burroughs Corp.*, 522 F.Supp. 769 (D. Md. 1981) ( *aff'd* 681 F.2d 812 (4th Cir. 1982); *Fargo Machine & Tool Co. v. Kearney & Trecker Corp.*, 428 F. Supp. 364 (E.D. Mich. 1977), *Guardian Ins. Co. v. Anacostia Chrysler Plymouth*, 320 A.2d 315 (D.C. 1974); *Capitol Dodge Sales, Inc. v. Northern Concrete Pipe, Inc.*, 346 N.W.2d 535; *Sipes v. General Motors* Corp., 946 S.W.2d 143 (Tex. App. 1997); and *Mason v. Porsche Cars North America, Inc.*, 688 So.2d 361 (Fla. Dist. Ct. App. 1997).

____   Accepted

____   Rejected

____   Modified

Plaintiff's Instruction No. 20

Evidence may be direct or indirect (circumstantial). Circumstantial evidence is as persuasive as direct proof; there is no distinction between the weights assigned to the probative value of direct evidence versus circumstantial evidence.

*Authority: New York Life Inc. Co. v. McNeely*, 52 Ariz. 181; 79 P.2d 948 (Ariz. 1938); *State v. Harvill*, 106 Ariz. 386, 476 P.2d 841 (1970).

\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

Plaintiff's Instruction No. 21

The defective condition of a product, for purposes of establishing breach of warranty can be shown by circumstantial evidence.

*Authority: Dietz v Waller*, 141 Ariz. 107, 685 P.2d 744 (Ariz. 1984); *Souza Fred Carries Contract, Inc.* 191 Ariz. 247, 955 P.2d 3 (App. 1997); *Rocky Mountain Fire & Cas. Co v Biddulph Oldsmobile*, 131 Ariz. 289, 640 P.2d 851 (Ariz. 1982); *Nalbandian v Byron Jackson Pumps, Inc.*, 399 P.2d 681 (Ariz. 1965); *Alvarez v. American Isuzu Motors*, 321 Ill.App.3d 696, 749 N.E.2d 16 (1st Dist. Ill. 2001); and *Burrus v Itek Corp.*, 46 Ill.App.3d 350, 360 N.E.2d 1168, 1171 (3rd Dist. 1977); *Genetti v Caterpillar, Inc.*, 621 N.W.2d 529 (Neb. 2001); *Universal Motors Inc. v Waldock*, 719 P.2d 254 (Alaska 1986); *Larry J. Soldinger Assoc., Ltd. v. Aston Martin Lagonda of North Am., Inc.*, 1999 WL 756174 (N.D. Ill. 1999); *Worthey v. Specialty Foam Products*, Inc., 591 S.W.2d 145, 149 (Mo.App. 1979); *Osburn v Bendix Home System, Inc.*, 613 P.2d 445 (Okla. 1980); *Black v. Don Schmidt Motor, Inc.*, 232 Kan. 458, 657 P.2d 517, 525 (Kan. 1983); *Jacobson v. Broadway Motors, Inc.*, 430 S.W.2d 602, 606 (Mo.App. 1968); Roger D. Billings, *Handling Automobile Warranty and Repossession Cases* § 7.53, at 202 (1984). *Bruffey Contracting Co. v Burroughs Corp.*, 522 F.Supp. 769 (D. Md. 1981), *aff'd* 681 F.2d 812 (4th Cir. 1982).

\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

Plaintiff's Instruction No. 22

  Repair orders from Defendants and/or their authorized repair agents indicating a

repair are themselves evidence of defects in the subject Motor Home.


*Authority: Milicevic v Fletcher Jones Imports, Ltd.,* 402 F.3d 912, 919 (9th Cir. 2005);
F.R.E. 901 (4); F.R.E. 902 (7); *Nalbandian v Byron Jackson Pumps, Inc.,* 399 P.2d 681
(Ariz. 1965).


____ Accepted

____ Rejected

____ Modified

Plaintiff' Instruction No. 23

Plaintiff need not present expert testimony to establish a defect in the Motor Home

*Authority. Nalbandian v. Byron Jackson Pumps, Inc.*, 399 P.2d 681 (Ariz. 1965) ("[i]t is [only] necessary to show that the warranted equipment failed to operate properly during the period for which it was guaranteed; ") *Soldinger v. Aston Martin Lagonda of North Am.*, Inc., 1999 WL 756174 (N.D. Ill. 1999) and *Jones v. Fleetwood Motor Homes*, 127 F.Supp.2d 958 (N.D. Ill. 2000); *Art Hill, Inc. v. Heckler*, 457 N.E.2d 242, 246 (Ind.App. 1983) (breach of express warranty; "expert testimony is not required to prove breach of warranty"); *Williams v. Ford Motor Co.*, 411 S.W.2d 443, 447 (Mo.App. 1966) (expert opinion testimony not essential; case involved a malfunctioning steering wheel assembly); *Shurtleff v. Jay Tuft & Co.*, 622 P.2d 1168 (Utah 1980); *Burrus v. Itek Corp.*, 46 Ill.App.3d 350, 360 N.E.2d 1168, 1171 (Ill. App. 1977); *Worthey v. Specialty Foam Products, Inc.*, 591 S.W.2d 145, 149 (Mo.App. 1979); *Lucas v. Firestone Tire and Rubber Co.*, 458 F.2d 495 (5th Cir. 1972) ("There is no burden on plaintiff to prove a specific defect by an expert witness as distinguished from other proof."); *Baker v. Chrysler Corporation*, 1993 WL 18099 (E.D. Pa. 1993); *Ex parte General Motors Corporation and Ex parte Jim Bishop Chevrolet-GEO-Buick-Olds, Inc. Re Aaron Tucker v. General Motors Corporation and Jim Bishop Chevrolet-GEO-Buick-Olds, Inc.*, 769 So.2d 903 (Ala. 1999); *Fortune v. Scott Ford, Inc.*, 175 A.2d 303 (N.Y. 1991); *Green v. Ford Motor Co.*, 1996 U.S. Dist. LEXIS 4102 (E.D. Pa. 1996); Roger D. Billings, Handling Automobile Warranty and Repossession Cases § 7.53, at 202 (1984) ("expert testimony of the defect is unnecessary").

_____  Accepted

_____  Rejected

_____  Modified

Plaintiff's Instruction No. 24

Defendants' and/or any of Defendants' authorized repair agent's decisions, statements or indications of what they consider to be a warrantable defect are neither binding or final.

*Authority:* 16 C.F.R. §700.8; 15 U.S.C. §2310 (d).

\_\_\_\_\_ Accepted

\_\_\_\_\_ Rejected

\_\_\_\_\_ Modified

Plaintiff's Proposed Jury Instruction No. 25

All statements of "AS IS" are invalid and are to be ignored.


*Authority.* 15 U.S.C. § 2310(d)(1); A.R.S. §47-2316 (1); *W. Recreational Vehicles, Inc. v. Swift Adhesives, Inc.*, 23 F.3d 1547 (9th Cir. 1994) (Wash. Law); *Sierra Diesel Injection Service, Inc. v. Burroughs Corp.*, 874 F.2d 653 (9th Cir. 1989) (Nev. Law) (opinion amended at 890 F.2d 108); *Virginia Transformer Corp v. P.D. George Co.*, 932 F.Supp 156 (W.D. Va. 1996).


_____ Accepted

_____ Rejected

_____ Modified

Plaintiff's Proposed Jury Instruction No. 26

If you find that either or both defendants warranties failed of their essential purpose you may also award Plaintiff incidental and consequential damages.

Incidental and consequential damages include expenses incurred in inspection, receipt, transportation, care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover or any other reasonable expenses incident to the breach of warranty.

Consequential damages are damages which result from the breach of warranty and include any loss resulting from general or particular requirements and needs of which the seller at the time of sale had reason to know and which could not reasonably have been prevented.

The incidental and consequential damages Plaintiff seeks to recover here are aggravation and inconvenience and loss of use.

*Authorities*: 15 U.S.C. § 2310 (d); 15 U.S.C. §2311; A.R.S. §47-2214; A.R.S. §47-2215, *Fiorito Bros., Inc., v. Fruehauf Corp.* 747 F.2d 1309, 1315 (9th Cir. 1984); *Arabian Agriculture Services Co. v. Chief Industries, Inc.*, 309 F.3d 479, 486 (8th Cir. 2002); *Trinity v. McKinnon Bridge*, 77 S.W.3d 159, 170 (Tenn.App. 2001); *TRGO v. Chrysler Corp.*, 34 F. Supp.2d 581, 590 (N.D. Ohio 1998); *Bishop Logging Co v. John Deere Indus. Equipment Co.*, 317 S.C. 520, 455 S.E.2d 183, 191 (S.C. App. 1995).

_____ Accepted

_____ Rejected

_____ Modified

Plaintiff's Proposed Jury Instruction No. 27

(1) The basic damages for breach of warranty is compensation to the purchaser for the difference in value of the consumer product, measured at the time and place of acceptance, between the value of the consumer product delivered and the value of the consumer product would have if it had been as warranted, unless special circumstances show proximate damages of a greater amount;

(2) Special circumstances damages can include:

a.    The value of the consumer product as warranted less the salvage value of the consumer product; or

b.    The cost to properly repair the product (if greater than the difference in value in part (a)).

*Authority*  (Need only show the fact of harm not specific amount of damages): 15 U.S.C. § 2310 (d)(1); *Nelson v. Cail*, 583 P.2d 1384 (Ariz.App. 1978) (Once right to damages has been established, uncertainty as to amount of damages will not preclude recovery); *Grummel v. Hollenstein*, 367 P.2d 960 (Ariz. 1962)(Fact that a plaintiff's damages cannot be calculated mathematically does not mean that plaintiff cannot recover when he has shown that he has in fact suffered injury.) *Broadway Realty & Trust, Inc. v. Gould*, 665 P.2d 580 (Ariz.App.,1983);  *Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331, 1333 (Colo.App.) 1981; *Story Parchment Paper Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555 (1931); *Madisons Chevrolet, Inc. v Donald*, 109 Ariz. 100 (AZ 1973); *Jacobson v. Laurel Canyon Mining Co.*, 234 P. 823 (Ariz.,1925); *Broadway Realty & Trust, Inc. v. Gould*, 665 P.2d 580 (Ariz.App.,1983). *Isenberg v Lemon*, 84 Ariz. 340; 327 P.2d 1016 (Ariz. 1958) ("Generally, the measure of damages for breach of warranty in absence of special circumstances showing proximate damages of a greater amount is the difference between value of goods at time of delivery and value they would have had if they had been as warranted.")

_____ Accepted

_____ Rejected

1 | _____ Modified

1 | Plaintiff's Proposed Jury Instruction No. 28

In his suit for breach of warranty Plaintiff is competent to testify to the subject

Motor Home's value at the time of delivery even if Plaintiff has "no expertise" in

appraising value of Motor Homes. The value of the Motor Home as warranted is the sales

price.

*Authority: Story Parchment Paper Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555
(1931); *Acheson v. Shafter*, 490 P.2d 832 (Ariz. 1971); *Town and Country Chrysler
Plymouth v. Porter*, 464 P.2d 815 (Ariz.App.,1970) A.R.E. 602 Cmt. 5; F.R.E. 701; *Lyon
v Shelter Resources Corp*, 253 S.E.2d 277 (N.C. 1979; *Carlson v Rysavy*, 262 N.W.2d
27 (S.D. 1978); *W&W Livestock Ent. v Dennler*, 179 N.W.2d 756 (Iowa 1970) (same).

_____ Accepted

_____ Rejected

_____ Modified

37

Plaintiff's Proposed Jury Instruction No. 29

Mathematical certainty as to the amount of damages suffered by Plaintiff is not required in determining an award. Rather, you need only find that Plaintiff has suffered some harm as the result of Defendants' breach of warranty(ies). Plaintiff need only introduce evidence sufficient to allow a reasonable estimate of the damages suffered. Once this burden is met, it is incumbent upon you as the finder of fact to determine a monetary award that will adequately compensate Plaintiff. The rule that precludes the recovery of speculative damages applies only where the fact of damages is uncertain, not where the amount of damages is uncertain.

*Authority*: *Grummel v. Hollenstein*, 367 P.2d 960 (Ariz.,1962); *Nelson v. Cail*, 583 P.2d 1384 (Ariz.App.,1978); *Jacobson v. Laurel Canyon Mining Co.*, 234 P. 823 (Ariz. 1925); *Broadway Realty & Trust, Inc. v. Gould*, 665 P.2d 580 (Ariz.App.,1983); *Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331, 1333 (Colo.App.) 1981; *Story Parchment Paper Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555 (1931); *Madisons Chevrolet, Inc. v. Donald*, 109 Ariz. 100 (1973).

_____ Accepted

_____ Rejected

_____ Modified

Plaintiff's Instruction No. 30

When calculating the measure of damages available to Plaintiff, you do not need to be mathematically precise. Rather, any reasonable basis for proving damages may be used.

*Authority: Story Parchment Paper Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555 (1931) *Grummel v. Hollenstein*, 367 P.2d 960 (Ariz.,1962); *Nelson v. Cail*, 583 P.2d 1384 (Ariz.App.,1978); *Jacobson v. Laurel Canyon Mining Co.*, 234 P. 823 (Ariz.,1925); *Broadway Realty & Trust, Inc. v. Gould*, 665 P.2d 580 (Ariz.App.,1983); *Great West Food Packers, Inc. v. Longmont Foods Co.*, 636 P.2d 1331, 1333 (Colo.App.) 1981; A.R.S. §47-2314 R.A.J.I. 22 (as modified); 15 U.S.C. 2310(d)(1); 15 U.S.C. 2311(b)(1); A.R.S. §47-2714 (b); A.R.S. 47-2719 (2).

\_\_\_\_  Accepted

\_\_\_\_  Rejected

\_\_\_\_  Modified

Plaintiff's Proposed Jury Instruction No. 31

Those items labeled as "covered under separate warranties" in National RV's warranty are also covered by National RV's warranty as a matter of law.

*Authority*:  *DeShazer v. National RV*, 391 F.Supp.2d 791 (D.Ariz. 2005).

\_\_\_\_   Accepted

\_\_\_\_   Rejected

\_\_\_\_   Modified

Plaintiff's Proposed Jury Instruction No. 32

Items such as the steering/suspension system, the engine, and the brakes that are not specifically excluded from National's warranty are also covered by National RV's warranty as a matter of law.


*Authority*:  *DeShazer v. National RV*, 391 F. Supp.2d 791 (D.Ariz. 2005).


\_\_\_\_\_   Accepted

\_\_\_\_\_   Rejected

\_\_\_\_\_   Modified